**WO** KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gene Breshears,<br><br>    Plaintiff,<br><br>vs.<br><br>Joe Arpaio, et al.,<br><br>    Defendants. | No. CIV 05-2304-PHX-SMM (JI)<br><br>**ORDER** |

On August 2, 2005, Plaintiff Gene Breshears, presently confined in the Arizona State Prison Complex-Douglas, filed a Civil Rights Complaint by a Prisoner ("Complaint") pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis ("Application to Proceed").

**Application to Proceed In Forma Pauperis**

Plaintiff's Application to Proceed and account statement make the showing required by 28 U.S.C. § 1915(a). Accordingly, Plaintiff's Application to Proceed will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the two hundred fifty dollar ($250.00) statutory filing fee for this action. Plaintiff will be assessed an initial partial filing fee of thirty-three dollars and forty-three cents ($33.43). 28 U.S.C. §

**JDDL-K**

1   1915(b)(1).

2   By separate order, the Court will direct the appropriate agency to collect the initial
3   partial filing fee from Plaintiff's trust account and forward it to the Clerk of the Court.
4   Thereafter, Plaintiff will be obligated for monthly payments of twenty percent (20%) of
5   the preceding month's income credited to Plaintiff's trust account.  These payments will
6   be forwarded by the appropriate agency to the Clerk of the Court each time the amount in
7   Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full.  28
8   U.S.C. § 1915(b)(2).

9   Plaintiff should note that if he is released before the filing fee is paid in full, he
10  must pay the remaining unpaid amount of the filing fee within one hundred twenty (120)
11  days of the date of his release.  If Plaintiff fails to pay the remainder of the filing fee
12  within one hundred twenty (120) days of the date of his release, the action will be
13  dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the
14  remainder of the filing fee.

15  Plaintiff should further note that a prisoner may not bring a civil action without
16  complete prepayment of the appropriate filing fee if the prisoner has brought, on three (3)
17  or more occasions, an action or appeal in a federal court that was dismissed as frivolous,
18  as malicious, or for failure to state a claim upon which relief may be granted, unless the
19  prisoner is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

20  **Statutory Screening of Prisoner Complaints**

21  The Court is required to screen complaints brought by prisoners seeking relief
22  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
23  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has
24  raised claims that are legally frivolous or malicious, that fail to state a claim upon which
25  relief may be granted, or that seek monetary relief from a defendant who is immune from
26  such relief.  28 U.S.C. § 1915A(b)(1),(2).  The Court also must dismiss a complaint or
27  portion thereof if Plaintiff fails to exhaust any administrative remedy available to him.  42
28  U.S.C. § 1997e(a).

**JDDL-K**                                        - 2 -

1    If the Court determines that a pleading could be cured by the allegation of other
2 facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before
3 dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en
4 banc*).  The Court is required to grant leave to amend "if a complaint can possibly be
5 saved," but not if the Complaint "lacks merit entirely." Id. at 1129.  A court therefore
6 should grant leave to amend if the pleading could be cured by the allegation of other
7 facts, or if it appears at all possible that the defect can be corrected.  Id. at 1130.
8    The Court should not, however, advise the litigant how to cure the defects.  This
9 type of advice "would undermine the district judges' role as impartial decisionmakers."
10 Pliler v. Ford, 124 S.Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131, n. 13
11 (declining to decide whether court was required to inform litigant of deficiencies).
12 Plaintiff's Complaint will be dismissed with leave to amend because the Complaint may
13 possibly be saved by amendment.

14 **Complaint**

15    Named as Defendants in the Complaint are: 1) Maricopa County Sheriff Joe
16 Arpaio; and 2) John Doe, Commander, Lower Buckeye Jail.
17    Plaintiff's sole ground for relief is that his Eighth and Fourteenth Amendment
18 rights were violated when he received delayed and inadequate medical care for a broken
19 hand.  Plaintiff seeks money damages.

20 **Failure to Link Injuries with Defendants**

21    To state a valid claim under § 1983, plaintiffs must allege that they suffered a
22 specific injury as a result of specific conduct of a defendant, and show an affirmative link
23 between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362,
24 371-72, 377 (1976).  To state a claim against a state official, the civil rights complainant
25 must allege that the official personally participated in the constitutional deprivation or
26 that a state supervisory official was aware of widespread abuses and with deliberate
27 indifference to the inmate's constitutional rights, failed to take action to prevent further
28 misconduct.  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); See Monell v. New

**JDDL-K**                                                  - 3 -

1  York City Department of Social Services, 436 U.S. 658, 691 (1978).  There is no
2  *respondeat superior* liability under § 1983, and therefore, a defendant's position as the
3  supervisor of persons who allegedly violated Plaintiff's constitutional rights does not
4  impose liability.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing Ybarra v.
5  Reno Thunderbird Mobile Home Village, 723 F.2d 675 (9th Cir. 1984)).

6  Plaintiff does not allege that Defendants Arpaio or Doe personally participated the
7  deprivation of Plaintiff's constitutional rights nor does he allege that they were aware of
8  the deprivation and failed to act.  Because Plaintiff has failed to demonstrate the link
9  between Defendants' conduct and his alleged injuries, Defendants Arpaio and Doe will be
10 dismissed without prejudice from this case.

11 **Failure to State a Claim**

12 To state a § 1983 medical claim under the Eighth Amendment, Plaintiff must show
13 that Defendants acted with "deliberate indifference to his serious medical needs."  Estelle
14 v. Gamble, 429 U.S. 97, 106 (1976).  Deliberate indifference may occur if "prison
15 officials deny, delay or intentionally interfere with medical treatment."  Hutchinson v.
16 United States, 838 F.2d 390, 394 (9th Cir. 1988).  A mere delay in medical care, without
17 more, is insufficient to state a claim against prison officials for deliberate indifference.
18 Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).
19 Plaintiff must show the delay in treatment was harmful.  Id.

20 The indifference must be substantial, and the conduct must rise to a level of
21 "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06. Inadequate
22 treatment due to malpractice or even gross negligence does not constitute an Eighth
23 Amendment violation.  Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

24 To state a claim of deliberate indifference, a plaintiff must allege that a specific
25 defendant, despite his knowledge of a substantial risk of serious harm to the plaintiff,
26 failed to take reasonable measures to abate the harm.  Farmer v. Brennan, 511 U.S. 825,
27 837 (1994).  The alleged constitutional deprivation must be, "objectively, 'sufficiently
28 serious'" *i.e.*, the official's act or omission must result in the denial of "the minimal

**JDDL-K**                                          - 4 -

civilized measure of life's necessities." Id. at 834.  Further, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Id.  The Supreme Court has further defined this subjective test:

> the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.

In this case, Plaintiff states that he fell on stairs and broke his hand.  Plaintiff did not realize his hand was broken for three days, after which time he submitted a request for medical attention.  Plaintiff further alleges that no action was taken on his medical request and that he did not receive medical attention until a guard noticed Plaintiff's swollen hand and took him to medical.  Plaintiff alleges that medical failed to adequately treat Plaintiff's hand because they only provided Plaintiff with a splint and that, as a result, his hand is now permanently deformed.

These facts are not sufficient to support an Eighth Amendment medical claim. First, Plaintiff has not described how much time passed between when he submitted his first request for medical attention and when the guard took him to medical.  It is therefore impossible for the Court to determine whether the delay in medical care could constitute deliberate indifference or result in further injury to Plaintiff's hand.  Further, Plaintiff acknowledges that he did not seek treatment until three days after the injury, creating the possibility that the permanent injury suffered by Plaintiff is attributable to Plaintiff's delay in seeking medical care and not to the delay in provision of medical care.  Finally, Plaintiff has not identified the specific people responsible for the delay in treatment and provision of inadequate treatment.

**Dismissal with Leave to Amend**

Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the

1  claim that were not initially pled.  Ivey, 673 F.2d at 268.

2  Because Plaintiff has failed to link his injuries with a named defendant and has
3  failed to state an Eighth Amendment medical claim, the Complaint will be dismissed
4  without prejudice.  However, the Court will exercise its discretion and allow Plaintiff to
5  file an amended complaint, if he so desires, to show what constitutional rights he has been
6  deprived of, and how the conduct of proper defendants deprived him of said rights.

7  If Plaintiff chooses to file an amended complaint, he should note that all causes of
8  action alleged in an original Complaint which are not alleged in an amended complaint
9  are waived.  See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th
10 Cir. 1990) ("an amended pleading supersedes the original").

11 Any amended complaint filed by Plaintiff must be retyped or rewritten in its
12 entirety on the current, Court-approved form included with this Order and may not
13 incorporate any part of the original Complaint by reference.  See Local Rule of Civil
14 Procedure ("LRCiv") 15.1(a)(2).  If Plaintiff cannot fit all of his supporting facts in favor
15 of a particular count on the Court-approved form, then he may continue on an attachment,
16 but each matter on any attachment must be clearly referenced to a particular count on the
17 Court-approved form, and be numbered appropriately.

18 **Rule 41(b) Warning**

19 If Plaintiff fails to timely comply with every provision of this Order, this action
20 will be dismissed without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61
21 (9th Cir. 1992) (stating a district court may dismiss action for failure to comply with any
22 order of the court).  Moreover, because the Complaint has been dismissed for failure to
23 state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies
24 identified in this Order, the dismissal of this action will count as a "strike" under the
25 "three strikes" provision of the Prison Litigation Reform Act.  See 28 U.S.C. § 1915(g).

26 **IT IS THEREFORE ORDERED** as follows:
27 (1)  Plaintiff's Application to Proceed In Forma Pauperis is GRANTED;
28 (2) Plaintiff is OBLIGATED to pay the statutory filing fee of two hundred fifty

**JDDL-K**

- 6 -

1  dollars ($250.00) for this action.  Plaintiff is assessed an initial partial filing fee of thirty-
2  three dollars and forty-three cents ($33.43).  All fees shall be collected and paid in
3  accordance with this Court's Order to the appropriate government agency filed
4  concurrently herewith;

5       (3)  Plaintiff's "Civil Rights Complaint By A Prisoner" (Doc. No.1) ("Complaint")
6  pursuant to 42 U.S.C. § 1983 is DISMISSED WITHOUT PREJUDICE, WITH LEAVE
7  TO AMEND.  Plaintiff SHALL HAVE thirty (30) days from the filing date of this Order
8  to file an amended complaint in order to state specific allegations of deprivation of
9  constitutional rights against proper defendant(s), to name as defendant(s) the individual(s)
10 who participated in the activities alleged in his amended complaint, to state what injury
11 he has suffered as a result of the activities of the defendant(s), and to show how, prior to
12 filing this action, he exhausted his administrative remedies as to each of his claims for
13 relief.  The amended complaint must be retyped or rewritten in its entirety on the current,
14 Court-approved form included with this Order, the amended complaint may not
15 incorporate any part of the original Complaint by reference and Plaintiff must sign the
16 amended complaint.  If Plaintiff fails to file the  amended complaint on a current, Court-
17 approved form, the amended complaint will be stricken, and the action dismissed without
18 further notice to Plaintiff.  Any amended complaint submitted by Plaintiff should be
19 clearly designated as an amended complaint on the face of the document;

20      (4) The Clerk of Court shall enter a judgment of dismissal of this action with
21 prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended
22 complaint within thirty (30) days of the date this Order is filed.  Upon entry of judgment,
23 the Clerk shall make an entry on the docket in this matter indicating that the dismissal of
24 this action falls within the purview of 28 U.S.C. § 1915(g);

25      (5) A clear, legible copy of every pleading or other document filed SHALL
26 ACCOMPANY each original pleading or other document filed with the Clerk for use by
27 the District Judge or Magistrate Judge to whom the case is assigned.  See LRCiv 5.4.
28 **Failure to submit a copy along with the original pleading or document will result in**

**JDDL-K**

- 7 -

1 | **the pleading or document being stricken without further notice to Plaintiff;**

2 | (6) At all times during the pendency of this action, Plaintiff SHALL
3 | IMMEDIATELY ADVISE the Court and the United States Marshal of any change of
4 | address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE
5 | OF ADDRESS."  The notice shall contain only information pertaining to the change of
6 | address and its effective date, except that if Plaintiff has been released from custody, the
7 | notice should so indicate.  The notice shall not include any motions for any other relief.
8 | Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the
9 | action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b); and

10 | (7)  The Clerk of the Court is DIRECTED to provide Plaintiff with a current,
11 | Court-approved form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

13 | DATED this 21st day of October, 2005.

_____
Stephen M. McNamee
Chief United States District Judge

**JDDL-K**

- 8 -